**United States District Court
For the District of Columbia**

FILED
JUN 2 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ronald Anderson
Aquanetta Anderson
611 Pennsylvania Ave, SE #327
PO Box 70663
Washington, DC 20024
Alfreda Turnbow
611 Penn Ave SE #327
WDC 20003 Plaintiffs

V.

Wells Fargo Bank of Minnesota,
National Association
Serve Richard M. Kovacevich, Pres/CEO
420 Montgomery Street
San Francisco, CA 94104

GRP Financial Services Corp.
c/oSallie Mae, Inc.
 c/oNational Corp Research, LTD
615 South Dupont Hwy
Dover DE 19901

oSallie Mae, Inc.
 c/oNational Corp Research, LTD
615 South Dupont Hwy
Dover DE 19901

GRP Realty, LLC
c/o Resident Agent
c/0 National Corporate Research Limited
615 South Dupont Hwy
Dover DE 19901

Wells Fargo Home Mortgage, Inc.
C/corporation Service Company
2711 Centerville Road #400
Wilmington, DE 19808

Draper & Goldberg, PLLC
C/o resident agent
David W. Draper, Jr.
803 Sycolin Rd. #301
Leesburg, VA 20175

James E. Clarke
803 Sycolin Rd. #301
Leesburg, VA 20175

L. Darren Goldberg
803 Sycolin Rd. #301
Leesburg, VA 20175

Kristin Tess
GRP Financial Services Corp.
A Sallie Mae Company
380 Hamilton Avenue, 5th Floor
White Plains, NY 10601

* Civil Action # _____

*
*
*
*
*
*
*
*
*
*

CASE NUMBER 1:06CV01119
JUDGE: Richard W. Roberts
DECK TYPE: TRO/Preliminary Injunction
DATE STAMP: 06/20/2006

JURY ACTION

*
*
*
*
*
*
*
*
*
*
*

1

Natalia Bowden                              *
GRP Financial Services Corp.                *
A Sallie Mae Company                        *
380 Hamilton Avenue, 5th Floor              *
White Plains, NY 10601                      *

GRP Loan, LLC                               *
c/o Resident Agent
c/0 National Corporate Research Limited     *
615 South Dupont Hwy                        *
Dover DE 19901

## Complaint

### Breach of Contract, Perjury, Bribery, Wrongful Foreclosure, Fraud, Misrepresentation, Specific Performance, Mail and Wire Fraud

### Jurisdiction

11 U.S.C. Section 101(13), 11 U.S.C. Section 1101 (1), 11 U.S.C. Section 307, 11 USC Section 362, 11 U.S.C. 1109 (b), 11 U.S.C. Section 105, D.C. Law 5-82, 42 U.S.C.S. Section 1985 Section 1391 (a) of the United States Judicial Code (28 U.S.C. Section 1239 (a), Section 1391 (a) of the U.S. Code, 18 U.S.C. 371, 18 U.S.C. 1961, 18 U.S.C. §1962, 18 U.S.C. §§ 1961(3) and (4), and U.S. Code Title 18, 11 U.S.C. 1341, 18 U.S.C. Section 1343, 18 U.S.C. Section 1341, 18 U.S.C. Section 152, 18 U.S.C. Section 157, Bankruptcy Rule 9014, and 4001, DC Public Law Section 45-956, 45-955 and 45-953, DC Law 5-82 and Title 11 of the U.S. Code, D.C. Code Section 28-3301, 28-3312, and 28-3801. And D.C. Code Section 29-1058.

### *Introduction*

1. This action involves defendant's breach of contract fraud and specific performance, unfair and deceptive trade practices, wrongful foreclosure, D.C. Consumer Protection, violations of the Sherman Act and the Racketeer Influenced and Corrupt Organizations Act (RICO) mail and wire fraud and breach of good faith and fair dealings.

2. This action also involves defendant's violation of the Fair Debt Collection Practices Act (FDCPA) and Commercial Instruments and Transactions Subtitle II other Commercial Transactions and D.C. Consumer Protections Laws.

3. Defendant GRP Loan, LLC, GRP Financial Services Corp. A Sallie Mae Company, Wells Fargo Bank of Minnesota, NA, Draper & Goldberg, PLLC, ("defendant corporation") is now, and at all times mentioned in this complaint was and/or remains a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in White Plains, New York and/or San Francisco, California. And that Kristin Tess, Natalia Bowden, are officers. James E. Clarke, L. Darren

Goldberg, Darren Draper are attorneys with the law firm of Draper & Goldberg, PLLC and/or partners.

## Facts

1. On May 5, 2006 Ronald Anderson and Aquanetta Anderson (Herein known as "Plaintiff's) entered into a Single Family Home Sales Contract and Addendum to Contract, Settlement Agreement and General Release on May 5, 2006 between GRP Realty, LLC, GRP Financial Services., A Sallie Mae, Inc. Company, Wells Fargo Bank, NA and Draper & Goldberg, PLLC (Herein known as the defendant's) . In this Agreement the plaintiff's and defendants to settle all claims related to wrongfully foreclosure and landlord and tenant civil litigation in regards to 7247 15th Place, NW, Washington, D.C. 20012 in the U.S. Bankruptcy Court and the D. C. Superior Court for the District of Columbia.

2. That defendant's GRP Realty, LLC mislead plaintiffs and entered into a Settlement Agreement and General Contract, Single Family Housing Contract and Addendum to Contract on May 6, 2006 while transaction of business without registration in violation of D.C. Code Section 29-1058.

3. That defendant's have willfully breached the Conventional Fixed Rate/Arm Financing Contingency terms of the Single Family Home Sales Contract and Addendum.

4. That defendant GRP Realty, LLC have willfully breached the terms of the Settlement Agreement and General Release the Single Family Home Sales Contract and Addendum in seeking a Writ of Restitution from Landlord & Tenant Court of the District of Columbia to evict plaintiff's who owns and ownership interest in 7247 15th Place, NW, Washington, D.C. in their breach of the contract. And more specifically paragraph 10 of the Settlement Agreement and General Release.

5. That defendant's have willfully breached the terms of the May 5, 2006 Settlement Agreement and General Release and the Single Family Home Sales Contract and Addendum between plaintiff's and defendant's in their breach to perform in a timely fashion and to execute and all necessary documents to facilitate the terms of the settlement, sales contract and addendum.

6. That the defendant willfully caused delays to prevent the plaintiff's and/or their assigns to complete their

performance in accordance to the terms of the Settlement Agreement and General Release and the Single Family Home Sales Contract and Addendum and that the plaintiff's and/or their assigns diligently pursued obtaining financing and has provided all information requested in a timely manner, as required by the sales contract and agreement between the plaintiff's and defendant's dated May 6, 2006.

### I. Breach of Contract

*1.* Defendants are in Breach of the Settlement Agreement and General Release and have failed to use their best efforts to effectuate performance in a timely fashion and to execute and all necessary documents to facilitate the terms of the Agreement.

2. The defendants and their attorney Draper & Goldberg, PLLC has engaged in self dealing in breach of the agreement. As a result of the self dealing, the defendants and their attorney Draper & Goldberg, PLLC have been enriched at the expense of the plaintiffs through breach of contract, fraudulent schemes, fraudulent foreclosure, creating fraudulent documents at foreclosure sales, excessive, bogus and unearned fees being paid to entities owned and controlled by the defendants and/or their attorney Draper & Goldberg and their principals in the amount of $8,000.00.

3. Defendant's intentionally delayed Plaintiff's and/or their assigns ability to perform in a timely manner in compliance to the Single Family Home Sales Contract and Addendum to Contract, Settlement Agreement and General Release because of their delays in providing documentation and information to the lender and title company within a timely manner as stated in the contracts and Settlement Agreement dated May 5, 2006.

4. Defendant's false promises that defendant's are willing and able to perform under the Sales contract, addendum to the contract are false and that the defendant's have not provided required documents needed to effectuate performance in a timely fashion and to execute and all necessary documents to facilitate the terms of this settlement as agreed between the plaintiff's and defendants on May 5, 2006.

5. Defendants' failure and refusal to perform its obligations under the contract constitute a breach

4

of contract and agreement and have damaged plaintiff in the following manner. Plaintiff's and/or their assigns are required to pay defendant $200.00 per day at the time of the breach by defendant. And plaintiff have been damaged in the amount of $3600.00.

## *II. Facts Relating to Fraudulent Foreclosure, Fraudulent Misrepresentation, and Wrongful Foreclosure*

1.. A foreclosure was initiated against Aquanetta Anderson (Dower Interest) and Ronald Anderson's home by defendants and/or their attorney Draper & Goldberg, PLLC as counsel for the defendants and substitute trustee L. Darren Goldberg, Kristin Tess, Natalie Bowden as attorney in fact for GRP Financial Services, Corp., a Sallie Mae Company, GRP, Loan, LLC, GRP Realty, LLC who entered into a Settlement Agreement and General Release in bad faith with the Plaintiff's.

2. The defendants presented bogus, unearned fees, higher interest, fraudulent reinstatement quotations and foreclosure fees pursuant to the Deed of Trust and security instrument recorded in the lad records of the District of Columbia at the Recorder of Deeds on May 6, 1998.

3. The defendant's created schemes to create fraudulent foreclosure documents, quit claim documents, fraudulent secured owners, fraudulent bids and documents at the December 18, 2003 foreclosure sale, fraudulent lenders, fraudulent Trustee's Deed, fraudulent Deeds of Transfer, fraudulent assignments of substitute trustee's in order evict plaintiff's prior to plaintiff's taking title and/or their assigns taking title to plaintiff's real property known address as 7247 15th Place NW, Washington, DC 20012.

4. Defendants in their fraudulent schemes to create bogus quit claim deeds to other defendant's is part of defendant's fraudulent to defraud the plaintiff's of at least $509,826.00 and to gain ownership of their real property known as the address at 7247 15th PL NW, Washington, D.C. 20012 which are recorded in the land records in the District of Columbia page No.

5

98000351701 of the Records of the District of Columbia together with the note(s) and obligations and Deed of Trust May 1998.

5. Plaintiff requested a reinstatement quote from defendants through their loan servicer GRP Financial Services Corporation a Sallie Mae Company.

6. Plaintiff and defendants entered into an oral forbearance agreement in June 2003 and that the defendant's fraudulent activities, fraudulent, bogus and unearned interest and quotes, are in violation of the District of Columbia statue DC Law 5-82 "Right to Cure a Residential Mortgage Foreclosure Default Act of 1984 and D.C. Code Section 28-3301, 2833-12 and 28-3801.

### Specific Performance

1. The plaintiff's and/or their assigns remains ready and willing to perform all terms of the agreement applicable and that the purchasers have diligently pursued obtaining financing and has provided all information requested in a timely manner, as required by the Single Family Home Sales Contract-District between the plaintiff's and defendant GRP Realty, LLC.

2. Upon information and belief, the increase in attorney's fees, interest on the arrears was not based on any work actually performed but represented charges for excessive, bogus or unearned fees.

3. Upon information and belief, the reinstatement included excessive, bogus or unearned fees or charges.

4. The defendants never disclosed the relationship between the trustees and affiliated entities and the consumers who were charged excessive, bogus fees or unearned fees or charges undoubtedly believe that the fees or charges are legal, genuine and for actual costs or services and have no knowledge that their rights are being violated.

5. That defendant's GRP Realty, LLC mislead plaintiffs and entered into a Settlement Agreement and General Contract, Single Family Housing Contract and Addendum to Contract on May 6, 2006 while transaction of business without registration in violation of D.C. Code Section 29-1058.

### COUNT I - WRONGFUL FORECLOSURE, BREACH OF CONTRACT

1. Defendants presented claims for excessive, bogus fees or charges or unearned for services, including those allegedly rendered by an affiliated entity.

2. Defendants never disclosed its affiliation with Sallie Mae, Inc. and/or any other subsidiaries company who may have an interest in plaintiff's property located at 7247 15th Place, NW, Washington, DC 20012..

3. Defendants GRP Realty, LLC breached the Single Family Home Sales Contract and Addendum and have failed to execute and deliver a good and sufficient special warranty deed. That the defendants fraudulent schemes interfered with the Plaintiffs and/or their assigns ability to Deed of Trust, Promissory Note and caused their actions lead to economic breach of fiduciary duty, negligence, intentional breach of contract and/or forbearance agreements.

4. Defendants actively and intentionally deprived Plaintiff of their fundamental Right to cure the default and breached a June 2003 forbearance agreement between the Plaintiff and Defendants to prevent foreclosure and to deny the Plaintiffs to cure default obligations pursuant to D.C. Law 5-82 and the state and federal consumer protection laws.

5.. Plaintiffs are informed and believes and thereon alleges that the Defendants have breached the June forbearance agreement and have violated the terms of the June 2003 agreement and have failed to perform under the agreement have cause Plaintiff's mentally and financial harm in violation of D.C. Code Section 11-921(1981) and D.C. Code Section 28-3301, 2833-12 and 28-3801.

6.. That the Plaintiffs have performed under the June 2003 forbearance agreement which they entered into with GRP Financial Services Corp. through their representative Ilonna Ashurova, GRP Asset Manager to bring the Note on the plaintiff's Deed of Trust which was filed with the land records in the District of Columbia May 1998 at page 98000351701 in violation of the consumer debt protection laws and the DC Law 5-82 and D.C. Code Section 28-3301, 2833-12 and 28-3801.

7. That the Plaintiffs are willing and ready to perform under the terms of the June 2003 Forbearance Agreement.

8. That the defendants engaged in a pyramid scheme to falsify quit claim documents, foreclosure documents, deeds of trust, and substitute deeds as part of their fraudulent scheme to obtain possession and legal title to obtain and sale the Plaintiffs real property.

## COUNT II- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") AND COMMERCIAL INSTRUMENTS AND TRANSACTIONS SUBTITLE II OTHER COMMERCIAL TRANSACTIONS AND D.C. CONSUMER PROTECTIONS LAWS

1. The amounts owed and alleged to be owed by the plaintiff Ronald Anderson are debts as defined by the FDCPA, 15 U.S.C. 1692a (5).

2. The defendants, are a "debt collector" as defined by the FDCPA, 15 U.S.C. Sec. 1692a(6).

3. The defendants, have violated the FDCPA and the D.C. Consumer Protection Laws by committing the following acts:

4. Providing communications that create a false impression of the amount of debt in violation of 15 U.S.C. Sec. 1692e(2);

5. Attempting to collect amounts not authorized by the agreement or permitted by law in violation of 15 U.S.C. Sec. 1692f(1); and D.C. Code Section 28-3301, 28-3312 and 28-3801.

6. Using unfair and unconscionable collection methods (15 U.S.C. § 1692f); D.C. Code Section 28-3301, 28-3312 and 28-3801.

7. Using false or deceptive collection methods in violation of 15 U.S.C. § 1692e(5); D.C. Code Section 28-3301, 28-3312 and 28-3801 to collect $200.00 per day due to the delay attributable to the need for defendants to provide additional documentation necessary for the Plaintiff's and/or their assigns to perform under the Single Family Home Sales Contract and Addendum between the Plaintiff's and Defendant's dated May 5, 2006.

e. Making threats to take action which cannot legally be taken in violation of 15 U.S.C. § 1692(e)(10);

8

and D.C. Code Section 28-3301, 28-3312 and 28-3801.

8. Wells Fargo Bank Minnesota, National Association, GRP Loan, LLC, GRP Realty, LLC, GRP Financial Services Corp. a Sallie Mae, Inc Company, James E. Clarke, Kristin Tess, L. Darren Goldberg and Draper & Goldberg, PLLC role in the fraudulent scheme was disguised as complete as possible; this included an agreement that defendants received some of Defendants GRP Financial Services, GRP Realty, LLC, Wells Fargo Bank of Minnesota, National Association, Wells Fargo Home Mortgage, Inc., and Draper & Goldberg, share of the proceeds of the illegal activities through the use of sale the plaintiff's real property to a third party in violation of 18 USC Section 1961 and D.C. Code Section 28-3301, 28-3312 29-1058, and 28-3801.

9. Defendants took steps to disguise the diversions of their fraudulent schemes within Wells Fargo Bank Corporate Trust, GRP Loan, LLC, GRP Financial Services Corp. a Sallie Mae Company, James E. Clarke, L. Darren Goldberg, Draper & Goldberg and GRP Realty, LLC trust accounts and to maintain their position by collecting $5,826.00 in violation of 18 USC Section 1961 and DC Code Section 28-3301, 28-3312 and 28-3801.

10. The defendants used at least 50 mail fraud or wire fraud, and wire communications as a scheme to transmit fraudulent documents, quit claim deeds, fraudulent foreclosure documents, false statements regarding their affiliation with Sallie Mae, Inc., in their attempts to obtain unclean title insurance in violation of 18 USC Section 1961 and D.C. Code Section 28-3301, 2833-12 and 28-3801.

11. That defendant's GRP Realty, LLC mislead plaintiffs and entered into a Settlement Agreement and General Contract, Single Family Housing Contract and Addendum to Contract on May 6, 2006 while transaction of business without registration in violation of D.C. Code Section 29-1058.

## COUNT V - FRAUD *AND* DECEIT

1. The defendant made written representations to the plaintiffs, their assigns, lender, and Title Company in the form of foreclosure proceedings, quit claims documents, regarding certificate of good standing, incorporation documents, and their affiliation with Sallie Mae, Inc.

2. The defendant's GRP Realty, LLC and GRP Loan, LLC, representations that they are a

9

Sallie Mae Company are false and fabricated. And was fabricated to obtain title insurance to sale their interest and to obtain plaintiff's quit claim interest in 7247 15th Place NW, Washington, DC 20012..

3. The defendant's actions were motivated by greed and malice towards the plaintiffs.

4. That the plaintiff and has been damaged by the defendant's false representations and fraudulent schemes and documentations and defendant's have misrepresented facts to the title Company to obtain payment of $500,000.00 by special warranty deed to the plaintiff's or such party to whom they designate to purchase 7247 15th Place, NW, Washington, DC 20012.

COUNT V – Violation of the Sherman Act and the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Mail and Wire Fraud

1. That defendants conduct their businesses affairs through a RICO "pattern of racketeering" that include fraud and other RICO predicate crimes. Such acts are in violation of 18 U.S.C. §1962(c)

2. That defendants and/or their employee conducts the affairs of defendants corporation and law firm through illegal acts of deception, providing false information to the title company, lender, plaintiff's and/or their assigns to obtain payment for the sale of plaintiffs real property and/or related activities and seek to abuse it for their own benefit.

4. Those defendants and/or their employees used defendant's corporation and/or law firm as a vehicle to implement a "pattern" of illicit fraudulent schemes, fraudulent unrecorded quit claim deeds, written representations, reinstatement quotes, and/or foreclosure proceedings or related activities for their own benefit.

5. That the defendants conspired to commit the illicit acts in violation of § 1962(d) involving foreclosure sales, substitute trustee assignments, and foreclosure

documentation and other related activities.

## Damages

Wherefore, the plaintiffs request the following relief in their favor:

a. That the defendants shall perform under the Settlement Agreement and General Release, Single Family Home Sales Contract and Addendum and provide lender all necessary and executed documents to facilitate the terms of this sales contract, addendum and settlement agreement. Including and not limited to a sales contract between plaintiff's Ronald Anderson and Aquanetta Anderson designees and the defendants who are authorized to sale the property.

b. That the defendant's is barred from exercising their rights to obtain possession and/or to evict the plaintiffs Ronald Anderson and Aquanetta Anderson under the Settlement Agreement and General Release until defendants perform section 1 and 2 of the agreement and release and/or until the plaintiff's and/or their assigns perform sections 4 and 5 of the agreement and release and Single Family Home Sales Contract and Addendum.

c. That defendants shall perform under the original Deed of Trust and Security Instrument recorded I the land records of the District of Columbia at the Recorder of Deeds on May 6, 1998 and June 2003 forbearance agreement.

d. That the fraudulent April 8, 2004 Trustee's Deed is set aside, reversed and cancelled. And that the status quo of ownership and/or interest in the aforementioned real property is maintained by the Plaintiffs.

e. That the Deed of Assignment dated April 8, 1998 is set aside, reversed and cancelled.

f. Compensatory damages arising from the breach of fiduciary duty by defendants;

g That the defendant's is ordered to pay the plaintiff's the sum of $950,000.00, compensatory and punitive damages or other appropriate sanctions in an amount to deter defendants and others from

11

similar conduct in the future;

 h. For an order that defendant corporation and its agents specifically perform the contract and deliver the real property and special warranty deed as described in the sales contract and addendum.

 f. Their costs, including attorneys fees; and

 g. Such other and further relief that is appropriate.

Respectfully submitted,

*/s/ Ronald W. Anderson*
Ronald W. Anderson, pro se Debtor
PO Box 70663
Washington, DC 20024
202-744-7402

*/s/ Aquanetta Anderson*
*/s/ Alfreda Turnbow*

**REQUEST FOR TRIAL BY JURY**

The plaintiffs request a trial by jury on the claims triable of a jury.

Respectfully submitted,

*/s/ Ronald W. Anderson*
Ronald W. Anderson, pro se
PO Box 70663
Washington, DC 20024
202-744-7402

*/s/ Aquanetta Anderson*
PO Box 70663
Washington, DC 20004

*/s/ Alfreda Turnbow*
611 Penn Ave SE #327
WDC 20003

12